## In re AUTOMATIC MUSICAL CO.

### (District Court, N. D. New York. April 21, 1913.)

1. BANKRUPTCY (§ 95*)—POWERS OF REFEREE—EXAMINATION OF WITNESSES—"COURT OF EQUITY."

A court of bankruptcy is a "court of equity," within new equity rule 62 (Hopkin's New Equity Rules, pp. 127, 128 [198 Fed. xxxvi]), relating to the powers of a master, and providing that he shall have full authority to examine parties to the cause on oath touching all matters contained in the reference, and to examine all witnesses produced by the parties before him.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 132, 140, 145; Dec. Dig. § 95.*

For other definitions, see Words and Phrases, vol. 2, p. 1685.]

2. BANKRUPTCY (§ 95*)—EXAMINATION BEFORE REFEREE—POWERS—ADMISSIBILITY OF EVIDENCE—RULINGS.

Where a witness was ordered to appear for examination before a referee in a bankruptcy proceeding, the referee was not bound to certify an objection taken to proper questions asked of the witness to the court before ruling on the objection and requiring the witness to answer, but was entitled to overrule the objection and require the witness to answer, and, if he still declined, to certify the matter to the court, that the witness might be punished as for a contempt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 132, 140, 145; Dec. Dig. § 95.*]

In Bankruptcy. In the matter of the Automatic Musical Company. On return of an order to show cause, and on certificate of a referee in bankruptcy, acting as special master, pursuant to an order to punish a witness, Edwin Link, for contempt in refusing to answer questions during his examination, which he was directed by the special master to answer, after objections taken thereto had been overruled. Order directing the witness to appear before the master and answer the questions.

Rollin W. Meeker, of Binghamton, N. Y., for the motion.
W. J. & F. W. Welsh, of Binghamton, N. Y., opposed.

RAY, District Judge. An involuntary petition in bankruptcy having been filed herein, a receiver of the property of the alleged bankrupt was duly appointed by this court, and thereupon the bankrupt, others interested joining, applied for an order directing a sale of certain of such property, and an order to show cause was duly granted, and the court or judge also made an order directing Edwin Link, an acting director, and others, to appear before the referee, acting as special master, "and be examined concerning the acts, conduct, and the property of the said alleged bankrupt." The clerk was directed to issue a subpœna, etc. Link is one of the directors of the alleged bankrupt corporation.

Pursuant to the order and subpœna, Mr. Link appeared and was sworn and examined. He answered many questions, but on advice of counsel refused to answer others, which were clearly competent, and which related to ownership of stock in the corporation, the busi-

ness, and to property which had been owned by such corporation, and the value of the assets. Objections were interposed, but overruled; and, the witness having declined to answer, he was directed to answer, but refused to obey the direction. The referee, acting as special master, has certified the proceedings, questions, etc., and also certifies:

"That the said witness, Edwin Link, after having taken the oath, refused to be examined in the above particulars, and that he is in contempt of court, and therefore recommend that he be punished for contempt, or that such other proceedings may be had as to the judge shall appear proper."

There is no claim that the matters were privileged, or that the answers would have tended to disgrace or incriminate the witness. The questions were proper, and related to relevant matters, and should have been answered.

The question now presented is whether the referee, acting as special master, had power to rule and direct the witness to answer. It is contended that the refusal should have been reported to the court, and its ruling obtained, and that the witness could only be guilty of contempt after refusing to obey the direction or order of the court or judge to answer the questions propounded. I do not understand this to be the law or practice. The referee, as special master, was an officer of the court, and acting pursuant to an order of the court, and was directed and authorized to take the testimony of the witness, who was under an order and direction of the court to appear, which he had done, and give his evidence. It was not for him, or counsel of his own, or of the alleged bankrupt corporation, to decide what was competent and pertinent evidence. Nor was it for the witness, by refusing to answer, to compel the special master at every step, if the witness saw fit, to stop the examination, certify the question and refusal, and compel the parties in interest to go before the judge for an order directing the witness to answer. Establish such a rule of practice and these examinations in bankruptcy cases will be useless and fruitless. They will be indefinitely prolonged and made onerous and ruinously expensive.

[1] It is well settled that a court of bankruptcy is a court of equity, and old equity rule 77—new equity rule 62—(Hopkin's New Equity Rules, pp. 127, 128 [198 Fed. xxxvi]), relating to powers of master, provides:

"The master shall regulate all the proceedings in every hearing before him upon every such reference; and he shall have full authority to examine the parties to the cause, upon oath, touching all matters contained in the reference; and also to require the production of all books, papers, writings, vouchers and other documents applicable thereto; and also to examine on oath, viva voce, all witnesses produced by the parties before him," etc.

In Re De Gottardi et al. (D. C.) 114 Fed. 328, it is held that a hearing before a referee under Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418)—

"is in the nature of a hearing in equity and is governed by the rules of equity practice of the federal courts both as to the hearing itself and as to the review by the judge."

Also it is there held that:

. "It is the duty of a referee, although he must pass on objections to testimony, to cause all testimony excluded to be taken down and made a part of the record, with the ruling and exception noted; and upon a review the judge is not required to reverse the decision because of the erroneous admission or exclusion of evidence, but it is his duty to determine the issues de novo upon the competent evidence in the record, or he must recommit the case for further hearing as the circumstances may require."

This is the rule laid down in Blease v. Garlington, 92 U. S. 1, 23 L. Ed. 521, and also in Chadeloid Chemical Co. v. Chicago Wood Finishing Co. (C. C.) 173 Fed. 797. In Hopkin's New Federal Equity Rules, at page 128, it is said:

. "Where the objection is that the testimony sought to be elicited is irrelevant and immaterial, the question should be answered, and the relevancy and materiality be ruled on at the time of hearing."

In Loveland on Bankruptcy (3d Ed.) at page 639, it is said:

"In case the referee is acting as a master or commissioner, the court, which is to decide the matter, is entitled to have all of the evidence for that purpose, and to decide what evidence shall be excluded and what may be considered. The proper practice is for the referee to make his ruling and thereupon require the question to be answered. If his ruling be against the question, and the court shall reverse his finding, it will not be necessary to have a re-examination of the witness. If the court shall affirm his ruling, the answer may be properly disregarded by the court."

In United States v. Tom Wah (D. C.) 160 Fed. 207, affirmed by the Circuit Court of Appeals 163 Fed. 1008, 90 C. C. A. 178, this court considered at length the question of contempt. In that case Tom Wah was arrested in deportation proceedings and called as a witness by the government against himself. He refused to testify, and the court made an order directing the witness to be sworn and answer all proper questions.

[2] In the case at bar this court in bankruptcy had made an order directing the witness Link, who was one of the officers of the bankrupt corporation, to appear and give his testimony. He did appear, and the master had power to rule that the questions should be answered, and also had power under the rules to direct the witness to answer. It was contumacious conduct not to answer. In this district, as in others, the rules of the Supreme Court so far as applicable apply to all bankruptcy proceedings and examinations. By rule 22 of the District Court, Northern District of New York, it is expressly provided that referees may pass upon the competency, materiality, and relevancy of evidence, and have all the powers of the judge concerning the admission or rejection thereof, etc. The master appointed by the court to aid it has the same power, and the order of the court directing a party or witness to appear and be examined, when duly subpœnaed, is in effect an order and direction of the court that he answer all questions propounded which the master directs him to answer.

In this case, on the hearing, the attorney who represented Mr. Link made sufficient apology, and satisfied the court that no real contempt was intended. For this reason, and in view of the fact that there has

been no decision on this subject in this district heretofore, I am not inclined to impose any punishment, but direct the witness to appear before the referee, acting as special master, and answer the questions. If this is done, I think the ends of justice will be served, and all parties satisfied.

This action, however, must not be regarded as a precedent governing future cases. It must be understood that witnesses are to answer all questions, when directed by the referee or special master to do so. It is presumed that no referee or master will direct a witness to answer irrelevant or impertinent questions. All parties interested in this proceeding should understand that prompt and efficient action and disposition of cases in the bankruptcy court requires the enforcement of this rule, and that it will be intolerable when such an examination is in progress to compel the examining party to resort to the court itself or to the judge for a ruling and direction to the witness whenever he sees fit to refuse to answer.

There will be an order that Mr. Link appear before the referee, acting as special master, and answer the questions propounded, and such further questions as he may be required to answer. As this proceeding was instituted and has been carried on in behalf of the receiver appointed by the court, reasonable compensation to the attorney can be made on the accounting.